### Frank Halford, Appellee, v. John Dodot et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 13, 1915.

## Statement of the Case.

Action by Frank Halford, plaintiff, against John Dodot, Defonce Herbain, Henry Herbain and Anheuser-Busch Brewing Association, defendants, for an assault by a person alleged to have been made intoxicated by liquor sold him by the defendants. From a judgment for plaintiff, defendants appeal.

The following instruction, requested by the defendants, was given as modified by the court by addition of matter in parentheses, to which modification the defendants objected:

"The court instructs the jury that if you believe from the evidence in this case that the plaintiff, Halford (while not in discharge of his duty as a deputy sheriff), drew a revolver and pointed it at Richard Drennan, or flourished the same in his presence, in such a manner as to induce in the mind of the said Drennan a reasonably well founded belief that he was

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

actually in danger of receiving great bodily injury, and that in an attempt to defend himself against said apprehended danger to his person he inflicted the injury complained of, upon the person of the plaintiff, Halford, there can be no recovery in this case and you should find the defendants not guilty.''

WILLIAM H. NELMS and THOMAS F. FERNS, for appellants.

WILLIAM J. LAWLER and JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE THOMPSON. delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 247*—*what questions for jury in action for damages for assault by person intoxicated.* Where, in an action for damages resulting from an assault by one alleged to have become intoxicated as the result of liquor sold him by the defendants, there was evidence that such intoxicated person had been drinking in the saloons of the defendants immediately prior to the assault, the question whether the plaintiff was injured in consequence of such intoxication and whether such intoxication was caused in whole or in part by the liquor sold by the defendant, *held* for the jury.

2. INTOXICATING LIQUORS, § 225*—*when evidence sufficient to sustain verdict in action for damages for assault by intoxicated person.* In an action for damages resulting from an assault committed in a mêlée in the defendants' saloon by one alleged to have become intoxicated by sale of liquor to him by the defendants, a verdict for the plaintiff *held* not unjustified by the evidence.

3. INTOXICATING LIQUORS, § 256*—*when instruction in action for damages for assault by intoxicated person properly modified.* In an action for damages for an assault by an alleged intoxicated person, which the defendants claimed was made by such person in self-defense, an instruction that there could be no recovery if the plaintiff drew a revolver and pointed it at the person who committed the assault, thus inducing in his mind a reasonably well-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

founded belief that he was in actual danger of receiving great bodily injury, *held* properly modified by inserting after the word "plaintiff" the words "while not in discharge of his duty as a deputy sheriff," where the fact that he was a deputy sheriff was known to the person committing the assault at the time thereof.

4. INTOXICATING LIQUORS, § 256*—*when instruction in action for damages for assault by intoxicated person properly modified.* In an action for an assault on a deputy sheriff by an intoxicated person, which was claimed by the defendants to have been made in self-defense, an instruction which told the jury that if they believed from the evidence that plaintiff unlawfully pulled a revolver on A, the person committing the alleged assault, so as to cause said A to fear he was about to receive bodily harm, etc., *held* properly modified by substitution for the word "unlawfully" the words "while not in the reasonable discharge of his duties as a deputy sheriff," where A knew the plaintiff was a deputy sheriff.